Robert S. Livingston, Respondent, *v.* The City of Albany, Appellant. Edward Moore et al., Respondents.

1. Appeal — Order of Reversal Stated to be upon Facts and Law. The Court of Appeals has no jurisdiction to review an order of reversal of the Appellate Division, stating that the reversal was upon the facts and the law, when the record discloses any controversy whatever as to material facts.

2. Conclusiveness of Order of Reversal Stated to be upon Facts and Law. An order of reversal of the Appellate Division, stating that the reversal was upon the facts and the law, is conclusive upon the Court of Appeals that a question of fact is actually involved except when the record discloses that there are neither facts, nor inferences from conceded facts, in opposition to the decision of the trial court.

3. Affirmance of Order and Judgment Absolute, when Question of Fact is Involved. *It seems*, that upon an appeal to the Court of Appeals, from an order of reversal of the Appellate Division, stating that the reversal was upon the facts and the law, and granting a new trial, the order will be affirmed and judgment absolute directed in accordance with the stipulation when the record discloses that a question of fact is actually involved.

*Livingston* v. *Moore*, 15 App. Div. 15, appeal dismissed.

(Argued February 7, 1900; decided February 16, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 19, 1897, and from the judgment entered thereon March 22, 1897, reversing, on questions of fact and of law, a judgment in favor of defendants, entered upon a dismissal of the complaint on trial at Special Term and granting a new trial.

This action was brought for the cancellation of a bond and mortgage made by the plaintiff for the purpose of indemnity to two of the defendants on the ground that the obligation for which the bond and mortgage was given as security has been released and discharged.

The facts, so far as material, are stated in the opinion.

*Arthur L. Andrews* and *John A. Delehanty* for appellant. The Court of Appeals has jurisdiction to review the order of the Appellate Division. (*Hirschfeld* v. *Fitzgerald*, 157 N. Y. 176; *Otten* v. *M. Ry. Co.*, 150 N. Y. 395; *Powers* v. *B. E. R. R. Co.*, 157 N. Y. 108; *Sanger* v. *French*, 157 N. Y. 213; *Snyder* v. *Seaman*, 157 N. Y. 449; *Griggs* v. *Day*, 158 N. Y. 1; *Benedict* v. *Arnoux*, 154 N. Y. 715.)

*George F. Canfield* for respondent Livingston. The reversal was upon the facts as well as upon the law. There was a controverted question of fact before the court. This court, therefore, has no jurisdiction to review the order of the Appellate Division. (*Otten* v. *M. Ry. Co.*, 150 N. Y. 395; *Nostrand* v. *Knight*, 123 N. Y. 614; *Phœnix Iron Co.* v. *Vessel Hopatcong*, 127 N. Y. 206.)

*Frederick E. Wadhams* for respondents Moore et al.

PARKER, Ch. J.    The interesting questions of law brought to our attention by the argument of counsel cannot now be considered by us for the reason that we are without jurisdiction to review the order appealed from.   By it the judgment is reversed and a new trial granted, both on questions of fact and of law, and inasmuch as this court is limited by the Con-

stitution to the review of questions of law, except where the judgment is of death, we cannot review such an order if there be any controversy whatever as to material facts. True, it has been held that we may look into the record for the purpose of determining whether there are controverted facts, or inferences to be drawn from conceded facts, tending to support a reversal upon the facts; and if they cannot be found, then, notwithstanding the form of the order, a question of fact is not actually involved, and this court will proceed to consider the questions of law presented by exceptions. (*Otten* v. *Manhattan Ry. Co.*, 150 N. Y. 395; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166.)

These cases provide for the only exception to the general rule that the form of the order of the Appellate Division is the guide by which this court determines whether a question of fact is involved, and that exception is only operative where there are neither facts nor inferences deducible from conceded facts in opposition to the decision of the trial court.

We are agreed that this record is not within the exception, and that the city of Albany must take the new trial ordered by the Appellate Division before it will be in a position to present its claims touching the matter in controversy to this court.

As justice may be promoted by a dismissal of this appeal, that course will be taken, reserving to some future occasion the application of the rule adopted in *Snebley* v. *Conner* (78 N. Y. 218), should counsel persist in taking their chances in this court in the hope that, at the most, only a dismissal will result, giving them two opportunities to persuade the court — one before the new trial ordered is taken, and one afterwards.

GRAY, O'BRIEN, HAIGHT, LANDON and WERNER, JJ., concur; CULLEN, J., not sitting.

Appeal dismissed, with costs to plaintiff, respondent.