In the Matter of the Appraisal of the Property of JOSEPH THORNE, Deceased, under the Act in Relation to Taxable Transfers of Property.

WILLIAM J. MORGAN, Comptroller of the State of New York,. Appellant; EUNICE E. HUFF, Individually and as Executrix of JOSEPH THORNE, Deceased, Respondent.

1. APPEAL.   The Court of Appeals has no power to review the determination of the Appellate Division in reversing a decree of the surrogate upon the facts.

2. QUESTION OF FACT — WHEN PRESENTED.   A question of fact, which the Court of Appeals has no jurisdiction to review, is involved upon an appeal from an order of the Appellate Division reversing, " upon

the facts and the law," a decree of the Surrogate's Court confirming the report of an appraiser levying a transfer tax, where the surrogate rejected and the Appellate Division accepted the version of the beneficiary's story most favorable to herself.

*Matter of Thorne*, 44 App. Div. 8, appeal dismissed.

(Argued February 27, 1900; decided March 13, 1900.)

Appeal from orders of the Appellate Division of the Supreme Court in the second judicial department, entered, respectively, October 20, 1899, and November 21, 1899, reversing a decree of the Surrogate's Court of Westchester county, confirming the report of an appraiser levying a transfer tax upon the estate of Joseph Thorne, deceased.

The facts, so far as material, are stated in the opinion.

*Joseph W. Middlebrook* for appellant.    The reversal was not upon the facts and law, although so stated in the order of reversal.    (*Otten* v. *M. Ry. Co.*, 150 N. Y. 395; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Health Dept.* v. *Dassori*, 159 N. Y. 245; *Bini* v. *Smith*, 161 N. Y. 120; *Gannon* v. *McGuire*, 160 N. Y. 476; *Lannon* v. *Lynch*, 160 N. Y. 483; Code Civ. Pro. § 1338.)

*W. P. Prentice* for respondent.    The order of the Appellate Division is conclusive in this court, there having been no dissent and the reversal having been both upon the facts and the law.    (*Ostrom* v. *Greene*, 161 N. Y. 353; *Health Dept.* v. *Dassori*, 159 N. Y. 245; *Cox* v. *Stokes*, 156 N. Y. 491.)

Haight, J.    The order of the Appellate Division reversed the decree of the surrogate " upon the facts and the law." Under the Constitution the jurisdiction of this court is limited to a review of questions of law only.    It, therefore, has no power to review the determination of the Appellate Division in reversing upon the facts.    An examination of the record clearly shows that a question of fact was involved.

Eunice E. Huff, the respondent, claimed that Thorne gave her one thousand shares of the American Press Association stock of the value of one hundred thousand dollars ($100,000) before his death.    In her testimony she makes several con-

240 · People ex rel. Plattsburgh *v.* Williams. [Mar.,

Statement of case. · [Vol. 162.

tradictory statements with reference to the transaction. The appraiser found that the transfer was made to her charged with a trust on her part to be performed of taking care of Thorne during his life, and that the remainder was intended to vest in her and take effect at and after his death. The surrogate, in confirming the report of the appraiser, says: " The testimony of Mrs. Huff is contradictory. The appraiser has adopted that version of her story which is most favorable to the state. In this I think he has adopted the correct rule. The witness is adverse. The result of her testimony means a difference of five thousand dollars ($5,000) to her. We must, therefore, assume that she would put that construction upon the transaction which would be most favorable to her, and most likely to relieve her of a tax." The Appellate Division reached a different conclusion. It adopted her claim that the gift was absolute and took effect at the time that it was made, and that the title to the stock vested in Mrs. Huff from that time. It is, therefore, apparent that a question of fact was involved which this court has no jurisdiction' to review. (*Livingston* v. *City of Albany,* 161 N. Y. 602.)

The appeal should be dismissed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and LANDON, JJ., concur.

Appeal dismissed.