THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE NORTHERN TRUST COMPANY, Exr. *et al.* Appellants.

*Opinion filed April 21, 1928—Rehearing denied June 6, 1928.*

1. INHERITANCE TAX—*tax and exemptions are fixed at grantor's death.* Under section 3 of the Inheritance Tax act, providing that all taxes imposed by the act shall be due and payable at the death of the decedent, interests going at the death of the grantor to certain beneficiaries in a deed of trust and interests going to the same beneficiaries under a will are properly added together and taxed as one transfer with but one exemption; and the rate of tax and the rights of the parties are determined by the law in force at the time of the grantor's death and not by the law in force when the deed of trust was delivered. (*People* v. *McCormick,* 327 Ill. 547, followed.)

2. SAME—*effect of statutory amendment must be raised in trial court.* Where the question as to the effect of the repeal of the Inheritance Tax act of 1909 by the amendments of 1919 and 1921 is not raised in the trial court and no propositions of law are presented thereon to the trial court, the question is not properly before the Supreme Court for review.

3. SAME—*what transfers under deed of trust are not taxable.* Transfers by deed, to be taxable, must either be made in contemplation of death or be intended to take effect in possession or enjoyment at or after the grantor's death, and where stocks and real estate are transferred by irrevocable deeds of trust, with directions to the trustees to accumulate the income for twenty-one years or until the grantor's death and thereafter pay the income from the accumulated principal to certain designated beneficiaries, the interests of the beneficiaries are vested at the date of the execution and delivery of the deeds and are not taxable, as the actual possession and enjoyment are postponed only for the purpose of accumulation.

4. DEEDS—*what is a beneficial interest in deed or will.* A beneficial interest, when considered as a designation of the character of an estate, is such an interest as a devisee, legatee or donee takes solely for his own use or benefit and not as a holder of the title for the use and benefit of another.

5. SAME—*when a remainder is vested.* A remainder is vested when the persons who are to take it are unchangeably ascertained and the event on which it depends is bound to occur, and the uncertainty as to whether the remaindermen will live to actually en-

joy the estate does not make the remainder contingent or their rights to its enjoyment uncertain, though death may put an end to the estate which is vested in them.

DUNN and DUNCAN, JJ., dissenting.

APPEAL from the County Court of Cook county; the Hon. I. L. WEAVER, Judge, presiding.

HOAG & ULLMANN, (FRÉDÉRIC ULLMANN, of counsel,) for appellants.

OSCAR E. CARLSTROM, Attorney General, HARRY A. ASH, and JOSEPH ROLNICK, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

The county court of Cook county assessed an inheritance tax of $55,892.27 against the estate of Ellen L. Van-Schaick, and the beneficiaries and executor under the will, and the trustees under certain trust deeds, have appealed to this court.

Ellen L. Van Schaick died testate April 11, 1923, at the age of seventy-seven years. Her will was admitted to probate by the probate court of Cook county and letters testamentary were issued to the Northern Trust Company as executor. By the will she left her estate to her three sons and one daughter in equal shares. The daughter, Ellen, died before her mother and her share descended equally to her three surviving brothers. The property which passed under the will, at the date of the death of the testatrix was valued at $407,169.28.

During her lifetime the testatrix executed four deeds of trust. The first one was dated April 2, 1912, and conveyed to the Northern Trust Company, as trustee, certain real estate in Chicago of the value of $127,272.72 at the date of the grantor's death. This deed provided that the trustee should pay the net income to the grantor for life. After her death the net income was to be distributed among her

four children, share and share alike, for life.  Upon the death of any one of the children leaving lawful issue, the share of the income which would have gone to that child, if living, was to be paid to his or her lawful issue, *per stirpes,* until the time of distribution.  In case any of the children should die without lawful issue, or leaving lawful issue and all such issue should subsequently die before the time of distribution, the share of the income to which such child would have been entitled, if living, was to be paid to the survivor or survivors of the children and their issue.  Final distribution of the principal was to be made upon the death of the grantor's children and step-daughter, or when the youngest of the grandchildren and the children of the step-daughter should attain the age of twenty-one years, whichever event should happen last.  If any of the grandchildren or the children of the step-daughter died before the period of distribution, leaving lawful issue, the issue was to take, but if there was no issue, then that share was to go to the surviving grandchildren and the children of the step-daughter.  There was a provision as to when final distribution should be made in case all the grandchildren and the children of the step-daughter should die under twenty-one, one or more leaving issue.  In case of a total failure of issue of the grantor and her step-daughter at or before the time fixed for final distribution the estate was to go to Bishop Charles P. Anderson, of the Protestant Episcopal Church in the diocese of Chicago, and his successors in office, in trust for charities for the benefit of children.  The trust was to be known as the Anthony Gerard Van Schaick Trust.

The second deed was executed on February 9, 1917.  It conveyed to the Northern Trust Company, as trustee, certain other real estate, to be held in trust for the identical uses and purposes as expressed in the first deed.  The value of the real estate conveyed by this second deed, at the death of the grantor was $99,615.38.

The third deed was executed October 7, 1919, and transferred certain shares of stock in two corporations to the Northern Trust Company and to Arthur P. Van Schaick and Ellen Van Schaick, as trustees, to hold upon the trusts specified in this deed.  The trustees were to hold the stock and collect the dividends.  After enumerating the powers of the trustees it was provided that during the lifetime of the grantor the entire net income from the trust estate should be accumulated and added to the principal and form a permanent portion of such principal, provided, however, that such accumulations should not continue for more than twenty-one years, and in case the grantor should still be living at the end of twenty-one years, then thereafter the income should be distributed in the same way it would be distributed in case she were not living. After the death of the grantor the entire net income (not treating as income any dividends or distributions from the stocks originally deposited with the trustees) was to be distributed in convenient installments among the grantor's four children, share and share alike, for and during the terms of their natural lives.  Upon the death of any one of the children leaving lawful issue, the share of the net income which would have gone to such child, if living, was to be paid to his or her lawful issue, *per stirpes,* until the time of distribution of the principal.  Should any of the children die without lawful issue, or in case of his or her death leaving lawful issue if all such issue should subsequently die before the time of distribution, the share or shares of the net income to which he, she or they would have been entitled, if living, were to be paid to the survivor or survivors of the grantor's children and their lawful issue in the same manner as the rest of the net income.  Upon the death of Frances Eliza Clinch, who was the stepdaughter of the grantor, and upon the death of all of the grantor's children, or when the youngest child of the stepdaughter and of the grantor's children should attain the age

330—16

of twenty-one years, whichever event should last happen, all of the trust estate then remaining in the hands of the trustees was to be divided equally among the children of the step-daughter and of the grantor's children, being the grandchildren of the grantor's husband, Anthony G. Van Schaick. In case any of these distributees should die, leaving lawful issue surviving, before the period of distribution, the share of principal of such child was to go to such issue *per stirpes.* In case any of the grandchildren of Anthony G. Van Schaick should die without lawful issue, or leaving issue and such issue should all die prior to the period of distribution, the share or shares of the principal to which he, she or they would have been entitled, if living, were to be paid to the survivor or survivors of said grandchildren and their issue in the same way and proportions as the rest of the principal. If all of the grandchildren of Anthony G. Van Schaick should die under twenty-one years and one or more of them should leave issue surviving, the provision for distribution of the principal upon the arrival at the age of twenty-one years of the youngest of them was to be taken to be the time when the youngest so dying, leaving issue, would have attained the age of twenty-one years, if living, provided all such issue should not all die prior to that time; and so with each succeeding youngest child so dying under twenty-one years of age leaving issue. In case of the total failure of issue of the grantor and of her step-daughter at or before the time fixed for distribution of the principal, the trust estate was to go to Bishop Charles P. Anderson, of the Protestant Episcopal Church in the diocese of Chicago, and his successors in office, in trust for charities for the benefit of children. The value of the estate transferred by this third deed, together with the accumulations thereof, was at the date of the death of the grantor $254,008.64, of which $33,977.76 represented the value of the original stocks transferred to the trustees, there having been paid certain dividends between the date of the delivery of the deed and

the death of the grantor, of which $181,042.34 was paid from capital assets and $11,648.64 from income.

The fourth deed was executed on May 6, 1921, and conveyed certain real estate to the Northern Trust Company and Arthur P. Van Schaick, as trustees, for the same uses and purposes as set forth in the deed of October 7, 1919. The value of this real estate at the date of the grantor's death was $25,000.

The net income of the property transferred by the first two deeds was paid to the grantor during her life, and the income of the property transferred by the last two deeds was accumulated in accordance with the terms of the instruments.

The court held all of the deeds taxable and added the value of all the property passing under the will and under all of the deeds, treating it as a single transfer and allowing but one exemption to each beneficiary. In taxing the remainders under the deeds the court added the values of all these remainders, and taxed them, under section 25 of the statute, to the Northern Trust Company, as trustee, for the use and benefit of Eleanor F. Clinch, who was the daughter of the grantor's step-daughter.

All of the taxes were assessed under the law of 1921. When the first two deeds were executed the law of 1909 was in force. The act of 1919 increased the rate and was in force when the last two deeds were executed. The act of 1921, which was in force at the date of the death of the grantor, further increased the rates.

Five grounds of reversal are urged by appellant: (1) That the last two trust deeds are not taxable as transfers intended to take effect in possession or enjoyment at or after the death of the grantor; (2) each of the deeds, if taxable, should be taxed at the rate in effect at the date of the delivery of the deed, and the exemptions allowed should be those provided for in the statute then in force; (3) the deeds, if taxable, and the will, should each be treated as a

separate transfer for the purpose of assessing the tax, both as to the allowance of full exemptions and as to the rate of tax; (4) the deeds are not taxable, because the statutes in force at the time they were executed were repealed by subsequent statutes with no saving clause; (5) if a statute imposes a tax on a deed *inter vivos* completed before the passage of the statute and under which all interest immediately passed out of the grantor and became vested in the donees, or if the statute classifies as not vested an interest which is in fact vested, the statute is unconstitutional.

We will first consider the question as to whether or not the transfers under the first and second trust deeds were subject to the tax, and in what manner, at what rate and under what statute they should have been assessed if they are subject to an assessment.

It is not contended by appellants that the $407,169.28 disposed of under the will was not subject to an assessment, nor is it contended that the $127,272.72 conveyed by the first trust deed, and the $99,615.38 conveyed by the second trust deed, took effect in possession or enjoyment prior to the death of the grantor, therefore both of these transfers were subject to an assessment unless they were freed from the tax on some of the grounds urged by appellants.

Section 1 of the Inheritance Tax law as amended in 1921 (Cahill's Stat. 1925, p. 2055,) provides, in substance, that a tax shall be imposed upon the transfer of any property or any interest therein or income therefrom, in trust or otherwise, to persons, institutions or corporations not thereinafter exempted, in the following cases: When the transfer is of property made by a resident by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death. Section 3 provides that all taxes imposed by the act shall be due and payable at the death of the decedent, and it was so held in *Provident Hospital* v. *People,* 198 Ill. 495, and *In re Estate*

*of Graves,* 242 id. 212. All questions concerning the tax must be determined as of the date of the death of the decedent. (*People* v. *Richardson,* 269 Ill. 275; *Northern Trust Co.* v. *Buck & Rayner Co.* 263 id. 222.) The effect of the repeal of the 1909 statute by the amendments of 1919 and 1921 was not raised in the trial court nor were propositions of law presented thereon to the trial court, therefore that question is not properly before this court for review. *People* v. *Chicago and Eastern Illinois Railroad Co.* 214 Ill. 190; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 id. 538.

In *People* v. *McCormick,* 327 Ill. 547, Mrs. McCormick died July 15, 1923, leaving a will which disposed of her estate. On July 27, 1918, she executed a trust deed, which this court held did not give the beneficiaries the right of possession or enjoyment until the death of the grantor, and therefore the conveyance was subject to the assessment of an inheritance tax. The county court of Cook county assessed a tax against the property transferred under the will and the property transferred by the trust deed, considering the transfers as a whole and only allowing one exemption to each of the beneficiaries. It was insisted by the beneficiaries that no tax could be assessed against the interest transferred by the trust deed; that the law of 1909, which was in force when the transfer was made, had been repealed without a saving clause in the repealing law, so that no tax could be assessed against the transfer; that the court erred in adding the interest taken under the trust deed to that received under the will, thereby causing a higher rate of taxation to be applied. Each of these contentions was considered by this court in detail and it was held that the trust deed did not take effect in possession or enjoyment until the grantor's death, therefore an inheritance tax was assessable under it; that the respective rights of the beneficiaries become fixed and determined at the date of the death of the grantor and not at the date of the execution of the trust instrument;

that the rights of the beneficiaries not being determined until the death of Mrs. McCormick the tax accrued at her death, and the court did not err in applying the law which was in force at the time of her death; that on account of the tax being assessable under the act in force at the time of the death of the grantor, the act in effect in 1918 was not involved and it was not necessary to determine whether it was repealed by the act of 1919; that where a legatee under a will is also a beneficiary of an interest by virtue of a deed of trust, which interest is taxable as taking effect at the grantor's death, the two gifts will not be separated in crediting the exemption under the Inheritance Tax act so as to allow an exemption on each gift, as such is not the true construction of the legislative intent, but the entire amount going to the beneficiary will be regarded as but one succession.

The provisions of the McCormick trust deed are not identical with the provisions of the first and second trust deeds in this case, but the differences in the provisions do not change the rules of law applicable to the two cases. The same rules of law govern the two cases. In each case the transfers under the deeds and under the will were assessable, the rights of the beneficiaries became fixed at the death of the grantor, the tax accrued at that time under the law then in force, and all gifts to each beneficiary were properly considered as a whole in fixing the rate of tax and in allowing exemptions. The assessment in this case was made by the county court in accord with the rules announced in the *McCormick case,* and there was no error in the assessment of the tax under the first two deeds.

The remaining question is whether the third and fourth trust deeds were subject to an assessment, as held by the county court. In order to be assessable they must either have been made in contemplation of the death of the grantor or intended to take effect in possession or enjoyment at or after her death. There is very little, if any, evidence even

tending to show that they were made in contemplation of death. In fact, we do not think it can be seriously contended that they were made in contemplation of death, therefore their assessability depends upon when they took effect in possession or enjoyment. A beneficial interest, when considered as a designation of the character of an estate, is such an interest as a devisee, legatee or donee takes solely for his own use or benefit and not as a holder of the title for the use and benefit of another. (*People* v. *Schaefer,* 266 Ill. 334; *People* v. *McCormick,* 208 id. 437; *In re Seaman Estate,* 147 N. Y. 69.) In *People* v. *McCormick,* 327 Ill. 547, on page 556, this court said: "The fact that the donor designates that the income shall accumulate as principal during the lifetime of the donor, thus' preventing actual possession and enjoyment of the estate until the donor's death, does not, of itself, render the transfer taxable. If, as a matter of fact, the interest, though not its possession, is vested in the beneficiary at the date of the instrument creating the trust, such transfer, when not made in contemplation of death, is not taxable. Postponement of possession does not, of itself, bring the transfer within the statute."

The above rule is conclusive of the questions raised under the third and fourth deeds. By these deeds the grantor divests herself of all title to the property transferred, together with any right to control the same or enjoy the fruits thereof. The transfers were absolute and irrevocable. The terms of the trust were definitely and firmly fixed. The remaindermen were specifically designated. The remainder became vested in the grantor's children who were living at the dates the deeds were executed. Those persons were in being and capable of receiving the interest. A remainder is vested when the persons who are to take it are unchangeably ascertained and the event on which the remainder depends is bound to occur. The uncertainty as to whether the remaindermen will live to actually enjoy the estate does not

make the remainder contingent or their rights to its enjoyment uncertain though death may put an end to the estate which was vested in them. (Kales on Estates and Future Interests, (1920) sec. 327, p. 348; Gray on Rule Against Perpetuities, (1915) sec. 102, p. 81.) The fact that the grantor provided that during her lifetime the income should accumulate and be added to the principal for not more than twenty-one years, and in case the grantor was living at the end of twenty-one years the income should thereafter be distributed in the same way it would be distributed in case she were not living, thus preventing actual possession and enjoyment of the estate until the grantor's death or until the end of twenty-one years, did not, of itself, render the transfer taxable. Postponement of the enjoyment did not bring the transfers within the statute and subject them to the tax, for the reason that the interests, though not in the actual enjoyment of the beneficiaries, were vested in the beneficiaries at the dates of the execution of the third and fourth deeds creating the trusts. The provisions as to the grantor's death only served as an alternative limitation of the time of the accumulation, the other alternative being the end of twenty-one years. The intervention of an accumulated trust made the transfer no less complete. The trustees took possession immediately, accumulated the income for the period provided, and they were then required to distribute the income periodically until the time of final distribution.

In their brief counsel for appellee state that the case of *Shukert* v. *Allen,* 6 Fed. 551, (C. C. A.) is on all-fours with the facts presented in this case under the third and fourth deeds. In that case the trust was created in favor of certain children of the grantor, with a provision that the income from the property conveyed to the trustees should be accumulated for thirty years, when the property was to be distributed. The grantor's expectancy of life was about seventeen years at the date of the creation of the trust.

The district court and the United States circuit court of appeals held that an intention was clearly shown to postpone the enjoyment of the beneficiaries in the trust property beyond the date of the grantor's death and that the estate transferred was subject to the tax. The argument of appellee in this case at the time counsel made the statement that the two cases were on all-fours was based upon the decision of the circuit court of appeals. After the briefs of appellee were filed in this case the *Shukert case* was appealed to the Supreme Court of the United States, and in 273 U. S. 546, (71 L. ed. 764,) the judgments of the district court and of the circuit court of appeals were reversed and the transfer was held not to be subject to the tax. In deciding the question the court said: "The transfer was immediate and out-and-out, leaving no interest remaining in the testator. The trust in its terms has no reference to his death but is the same and unaffected whether he lives or dies. Although the circuit court of appeals seems to have thought otherwise, the interest of the children, respectively, was vested as soon as the instrument was executed, even though it might have been divested as to any one of them in favor of his issue, if any, or of the surviving beneficiaries if he died before the termination of the trust.—See Gray on Perpetuities, sec. 108."

The county court was in error in assessing a tax under the third and fourth trust deeds, and the judgment will be reversed and the cause remanded, with directions to deduct from the assessment the amounts found due under the third and fourth trust deeds.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*

DUNN and DUNCAN, JJ., dissenting.