(No. 22087.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
HOWARD LINN *et al.* Exrs. Appellants.

*Opinion filed April 21, 1934—Rehearing denied June 13, 1934.*

ORR and FARTHING, JJ., dissenting.

WILSON & McILVAINE, (J. F. DAMMANN, and STUART
J. TEMPLETON, of counsel,) for appellants.

OTTO KERNER, Attorney General, (JOSEPH ROLNICK, of
counsel,) for appellee.

Mr. Justice DeYoung delivered the opinion of the court:

The county court of Cook county adjudged that there was owing to the State for inheritance, transfer and succession taxes as the result of the death of William R. Linn, $199,184.70. From that judgment, Howard Linn and Cyrus McCormick, the executors of the decedent's last will and testament, prosecute this appeal.

William R. Linn was a resident of the city of Chicago and died testate on January 28, 1930. He left surviving as his only heirs, Howard Linn, his son, and Mabel Linn and Dorothy Linn McCormick, now Dorothy Linn, his daughters. The testator, by the fifth section of his will, directed his executors to divide the residuary estate into three equal shares, and bequeathed one of these shares to his son, as his absolute property. By the sixth and eighth sections he bequeathed the remaining two shares of the residuary estate to the Northern Trust Company upon identical trusts for his two daughters. The income from the two trusts he made payable to his daughters during their lives, and the ultimate distribution of the principal of each trust he subjected to a power of appointment. The provisions of the two trusts in that respect are alike, and, so far as Mabel Linn is concerned, are:

"(c) Upon the death of my daughter Mabel said trustee shall distribute and pay over the principal of said trust estate to whomsoever my daughter Mabel shall by her last will and testament appoint to receive the same, and in default of such appointment then to her issue living at the time of her death in equal shares *per stirpes*. If my daughter Mabel shall die intestate and fail to appoint said trust estate by will and shall leave no issue surviving her, then said trustee shall distribute and pay over said trust estate to my issue surviving at the date of the death of my daughter Mabel, in equal shares *per stirpes,* and in default of such issue then to the persons who at the date of the death

of my daughter Mabel would have been my heirs-at-law under the laws of the State of Illinois then in force if I had died intestate."

During his lifetime, the testator and Edward B. Butler executed a trust indenture dated November 5, 1920. By it, they conveyed to the Northern Trust Company, Charles Edward Butler, and Howard Linn, as trustees, certain real property in which the grantors each had an undivided one-half interest. This indenture provided that the trustees should pay the net income received from William R. Linn's interest in the premises to him and Nellie Butler Linn, his wife, in equal shares during their lives, and after their respective deaths, to their issue, *per stirpes*, so long as any such issue should survive. Final distribution of the principal was directed to be made twenty years after the death of the last survivor of the named or possible beneficiaries and of the issue of such beneficiaries living at the time of the execution of the trust. At the expiration of that period, the one-half interest of William R. Linn, it was provided, should be distributed to the persons who would have been entitled to inherit the trust estate as his legal heirs if he had died intestate at the date of the termination of the trust.

The estate of the testator was appraised at $2,293,805.93 as of the day of his death. The property conveyed by the trust indenture was held taxable. The powers of appointment of the daughters over the remainders of the testamentary trusts, after their life estates therein, were taxed to Winfield Scott Linn, a nephew of the decedent. Inheritance taxes were computed on the aggregate value of all the property passing under the will and the indenture after the allowance of a single exemption to each beneficiary. Of the total of the inheritance taxes, $199,184.70, as fixed by the county court's judgment, the sum of $117,-580.87 was assessed against beneficiaries other than Winfield Scott Linn and has been fully paid. The remaining

$81,603.83 was assessed against him and of this sum, the executors have paid $31,878.81 to the county treasurer.

The contentions of the appellants are: (1) That under sub-section 4 of section 1 of the act entitled, "An act to tax gifts, legacies, inheritances, transfers, appointments and interests in certain cases, and to provide for the collection of the same, and repealing certain acts therein named," (Cahill's Stat. 1931, p. 2388; Smith's Stat. 1931, p. 2451) the remainders of the two testamentary trusts over which the daughters of the testator have powers of appointment are not presently taxable; (2) that if the powers of appointment are taxable, they were improperly taxed to the nephew of the decedent, and (3) that additional exemptions should have been allowed the beneficiaries with respect to the property passing under the trust indenture. To support the judgment, the appellee maintains: (1) That under section 25 of the same act, the right of succession to the remainders of the testamentary trusts was immediately taxable upon the death of the testator; (2) that there was no error in the assessment of the tax to the nephew of the decedent of which the appellants can complain, and (3) that the amounts distributable to the various beneficiaries under the will and the trust agreement were correctly taxed as single entities and, therefore, only one exemption was deductible for each beneficiary.

Sub-section 4 of section 1 of the act provides that "Whenever any person, institution or corporation shall exercise a power of appointment derived from any disposition of property * * *, such appointment, when made, shall be deemed a taxable transfer under the provisions of this act, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will, and whenever any person or corporation possessing such a power of appointment so derived shall omit or fail to exercise the same within the

time provided therefor, in whole or in part, a transfer taxable under the provisions of this act shall be deemed to take place to the extent of such omission or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

Section 3 prescribes that all taxes imposed by the act, unless otherwise therein provided, shall be due and payable at the death of the decedent. Section 25 provides that when property is transferred or limited in trust or otherwise, and the rights, interest or estates of the transferees or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon the transfer at the highest rate which, on the happening of any of the contingencies or conditions, would be possible. It is further provided by the statute that on the happening of any contingency whereby the property is transferred to any person taxable at a rate less than that imposed and paid, such person shall be entitled to a return of the difference between the amount paid and the amount which the person should pay under the law. This section was amended in 1929 by the addition of detailed requirements designed to assure the payment of the tax imposed. There is no specific provision in the section for a tax on powers of appointment.

The appellants argue that under sub-section 4 of section 1, a power of appointment is not taxable upon the death of the donor of the power and that the general language of section 25 is limited by the specific provisions of the former section. The appellee answers that the words "in trust or otherwise" in section 25 denote a legislative intent to include within the scope of that section all

rights, interests and estates which depend upon conditions or contingencies, whether vested or contingent, and that among these are transfers subject to powers of appointment. It is a familiar rule of statutory construction that the legislative intention must be determined from a view of the whole and of every part of a statute taken and compared together. A particular portion of an act is often designed to extend, qualify, or limit another provision, so that its meaning may well depend upon the effect of another part or section. (2 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 368; *People* v. *Donohue,* 276 Ill. 88; *Uphoff* v. *Industrial Board,* 271 id. 312; *People* v. *Bradford,* 267 id. 486; *Warner* v. *King,* 267 id. 82; *People* v. *Flynn,* 265 id. 414; *People* v. *Henning Co.* 260 id. 554; *People* v. *Price,* 257 id. 587; *Belleville and Illinoistown Railroad Co.* v. *Gregory,* 15 id. 20). Particular mention of appointments occurs in the title of the Inheritance Tax act; sub-section 4 of section 1 specifically provides for the determination of the transfer tax upon a power of appointment at the time of the ultimate transfer resulting either from the exercise or the failure to exercise the power, and the statutory command of section 3 that all taxes imposed by the act shall be due and payable at the death of the decedent unless otherwise provided recognizes the possibility of the postponement of some succession taxes. Section 25 must be construed in the light of these several provisions so that they will not be rendered superfluous or void.

Sub-section 4 of section 1 and section 25 were both adopted from the Transfer Tax law of the State of New York. Originally, neither the New York nor the Illinois law contained a provision for the taxation of powers of appointment or contingent estates. In 1897, section 220 of the New York statute (Laws of 1897, chap. 24, p. 150) was amended to make transfers resulting from the exercise or non-exercise of the power of appointment, taxable

in the estate of the donee of the power. Section 230 of the same statute was amended in 1899 (Laws of 1899, chap. 76, p. 100) to provide for the taxation of contingent estates generally. These apparently conflicting provisions were construed in the case of *In re Howe,* 86 App. Div. 286, 83 N. Y. Supp. 825; affirmed by the Court of Appeals, 176 N. Y. 570. In that case Elizabeth Howe, by her will, directed that trusts be created for her two sons, Leavitt and Edward Howe; that the income from the trusts be paid to the sons during their lives, and that the remainders go to such persons as they might appoint by their wills, and in default of such appointments, to their children and their heirs. The State contended that the enactment in 1899 of the provision which corresponds to section 25 of the Illinois act repealed by implication the provision which is the counterpart of sub-section 4 of section 1 of our act. The court held that the amendment of 1899 did not repeal or render nugatory the section enacted in 1897, and that the remainders over which the sons had absolute powers of appointment were not taxable until the deaths of the donees.

The Inheritance Tax act of this State was first enacted in 1895. It was completely revised in 1909. At that time sub-section 4 of section 1 and section 25 were added. Their prototypes were the amendments to the New York act made in 1897 and 1899. There is no expression or even manifestation of a legislative intent that the provisions of our act under review were not enacted in the light of the construction given them by the courts of the State of New York. When a statute is adopted from another State, the judicial construction previously placed on the statute by the courts of that State accompanies it, and is treated as incorporated therein. 2 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 404; *People* v. *Snyder,* 353 Ill. 184; *People* v. *Continental Illinois Bank and Trust Co.* 344 id. 123; *People* v. *Northern Trust Co.* 289 id. 475; *People* v. *Kel-*

*logg,* 268 id. 489; *People* v. *Carpenter,* 264 id. 400; *People* v. *Union Trust Co.* 255 id. 168; *People* v. *Griffith,* 245 id. 532.

The appellee maintains that the contrary construction of the New York statute now obtains, and that the *Howe case, supra,* has been overruled by later decisions. The provisions of the New York act, adopted in sub-section 4 of section 1 and section 25 of our Inheritance Tax act in 1909, were amended in New York in 1911. Section 220 (Laws of 1911, New York, chap. 732, par. 1) was amended by eliminating the provision taxing the failure or omission to exercise a power of appointment as an assessable transfer to the donee of such power. The identical portion of sub-section 4 of section 1 of the Illinois law remained intact until July 1, 1933, when its repeal became effective (Laws of 1933, p. 889). The sixth paragraph of section 230 of the New York law, which the first paragraph of section 25 of our Inheritance Tax act followed, was also amended (Laws of 1911, New York, chap. 800, par. 1). Some of the changes made were incorporated in section 241.

It is manifest that the subsequent amendments to the Inheritance Tax law of New York differ essentially from the corresponding provisions of the Illinois act in effect on January 28, 1930, the day William R. Linn died. Sub-section 4 of section 1, postponing the tax on the transfer of property subject to powers of appointment, had not been changed at that time and differed materially from the New York law then in effect. The statutory provisions relating to the imposition of inheritance taxes upon transfers subject to powers of appointment were the same on January 28, 1930, as when originally adopted in 1909 from the New York law. At the date of the death of the testator, William R. Linn, section 25 of the Inheritance Tax act was still limited by sub-section 4 of section 1, and, accordingly, the remainders of the testamentary trusts over which

his daughters have absolute powers of appointment were not presently taxable.

It remains necessary to consider only the third contention of the appellants. They concede that the transfer of the one-half interest in the trust created on November 5, 1920, is taxable, but insist that the tax should be computed on the property passing under the will and under the trust indenture as though each comprised the whole estate. The interests of the legatees under the will who are also beneficiaries under the trust indenture accrued at the same time, namely, at the death of William R. Linn. If the transfers under a will and under a deed in trust executed by a testator are assessable upon his death, the gifts to the respective beneficiaries are properly considered in the aggregate in fixing the rate of tax and in allowing exemptions. *People* v. *Northern Trust Co.* 330 Ill. 238; *People* v. *McCormick,* 327 id. 547.

The judgment of the county court is reversed and the cause is remanded to that court, with directions to proceed in conformity with the views expressed in this opinion.

*Reversed and remanded, with directions.*

Mr. JUSTICE ORR, dissenting:

I cannot agree with the conclusion reached in this case that the remainder of the testamentary trusts over which the daughters of the testator have powers of appointment are not taxable at his death. In my judgment there is no inconsistency or conflict between sub-section 4 of section 1 and section 25 of the Inheritance Tax act. Sub-section 4 deals exclusively with the exercise and non-exercise of powers of appointment by donees, in that it specifically provides that "whenever any person, institution, or corporation shall exercise a power of appointment, * * * such appointment, when made, shall be deemed a taxable transfer," etc. The words "person, institution, or corporation" must necessarily refer to the donee of a power, as

the donor could not exercise a power which he has conferred upon another. Since no reference is to be found in sub-section 4 to donors of powers it seems clear that sub-section 4 is limited to estates of donees, as there is no restriction, in this section or elsewhere in the act, on the taxation of transfers subject to powers of appointment in estates of donors. On the other hand, section 25 is unlimited in its scope. It is made applicable to all transfers, in trust *or otherwise,* where the rights, interests or estates of the transferees or beneficiaries are dependent upon conditions or contingencies whereby they may be wholly or in part created, defeated, extended or abridged. A remainder subject to a power of appointment is clearly such a right, interest or estate as is contemplated by the provisions of section 25.

Prior to the passage of the Inheritance Tax act in 1909 the fixing of inheritance taxes on contingent or defeasible interests was held in abeyance until the persons entitled thereto came into the beneficial enjoyment or possession of the same. This was changed by the enactment of section 25, providing for the immediate taxation of all transfers of property upon the death of a decedent, except as provided in paragraph 2 thereof. The two disputed sections are not irreconcilable but may be construed harmoniously. Under section 25 the tax on the remainder subject to such power is effective immediately upon the donor's death. Upon the death of the donee the tax is re-computed under sub-section 4 of section 1 on the basis of the relationship of the appointee to the donee, and a refund may then be had for the difference, if any, between the amount paid in the donor's estate and the amount found due under sub-section 4 of section 1 in the estate of the donee. The State is thus assured of the collection of the tax, and the tax-payer is amply protected by the provision relating to the deposit of securities and by the refund of any overpayment, with interest at the rate of three per cent per

annum. If it had been the intention of the legislature to exempt from the operation of section 25 the immediate taxation of transfers subject to powers of appointment it would have been an easy matter for it to have so provided. The omission of such a provision, when considered with the express language of section 25 that when property is transferred or limited "in trust or otherwise," in my opinion discloses a clear legislative intent to include within the operation of section 25 transfers subject to powers of appointment. This position is supported in *Talbot* v. *People,* 339 Ill. 333, where this court said: "Prior to the adoption of section 25 this court held that remainders, whether vested or contingent, subject to be defeated in whole or in part by power conferred upon the life tenant, could not be taxed until the power had been exercised or the time had elapsed and the extent of the estate had been determined. (*People* v. *Carpenter,* 274 Ill. 103; *People* v. *McCormick,* 208 id. 437.) Under section 25 such estates are immediately taxable.—*People* v. *Gerlaugh,* 302 Ill. 131."

In *People* v. *Lowenstein,* 284 Ill. 126, it was contended that the tax on remainder interests where no trust was involved should be postponed until the persons entitled thereto came into possession. This court overruled that contention and held that the second paragraph of section 25 is limited to estates in which the fixing of the tax had been held in abeyance at the time section 25 was enacted. We there said: "Obviously, the legislature intended by the wording of said section that property depending upon contingencies or conditions, even if there was no trust involved, should be covered by that section. If this is not so there would be no meaning to the word 'otherwise,' in that clause of the section which reads 'when property is limited in trust or otherwise.' "

In the present case it is the taxability in the donor's estate of remainders of a testamentary trust subject to powers of appointment with which we are concerned and

not the taxability of the exercise or non-exercise of such powers by the donee. · It cannot be disputed that these remainders are interests in property such as are included in the title of the act, and are such interests as fall within the first paragraph of section 1, imposing a tax upon the transfer of any property or any interest therein, in trust or otherwise. They are therefore immediately taxable under section 25. In this view of the case there can be no conflict or inconsistency between section 25 and sub-section 4 of section 1, as each serves a separate and distinct purpose. Under these circumstances there was no need to invoke the rule of statutory construction that a particular portion of an act prevails over a general one, as this rule applies only where two sections or provisions are in conflict. 2 Lewis' Sutherland on Stat. Const. (2d ed.) p. 744; *Ex parte Ah Hoy,* 23 Ore. 89, 31 Pac. 220; *State* v. *Shanks,* 178 Ind. 330, 99 N. E. 41.

In the majority opinion much stress is laid upon the case of *In re Howe,* 83 N. Y. Supp. 825, (decided in 1903,) and the fact that our Inheritance Tax act of 1909 was patterned after the New York law. In my judgment the *Howe case* is not controlling. There the State contended that section 230 of the New York law (which corresponds to section 25 of the Illinois act) repealed the provision which is the counterpart of sub-section 4 of section 1 of our act. It appears from the opinion in the *Howe case* that this point was the decisive element in the conclusion reached. Justice Bartlett, speaking for the court, said: "I do not see how it can well be held that a subsequent provision in the same statute in regard to the taxation of transfers of property where the estates of the transferees are dependent upon contingencies or conditions effects a repeal, by implication, of the specific provision relating to transfer through the instrumentality of the donee of a power." It was not contended in the present case that section 25 rendered sub-section 4 of section 1 void, but, on

the contrary, it was urged that both sections have a distinct and separate purpose in the act. Further, it appears that the *Howe case* was decided on authority of *Matter of Seaver*, 71 N. Y. Supp. 544, and *Matter of Walworth's Estate*, 72 id. 984, and that neither of these two cases is in point. Both of these last cited authorities involved the taxability of the exercise of powers of appointment in estates of donees where the creators of the powers died prior to the enactment of the then subdivision 5 of section 220 of the New York law, corresponding to our sub-section 4 of section 1. It thus appears that the taxation of remainders subject to powers of appointment in estates of donors was not before the court in either of the authorities relied upon in the *Howe case*.

A further reason why the *Howe case* is not controlling is that the New York statute in force at the time the opinion was rendered contained certain provisions not found in the Inheritance Tax act of Illinois. Section 222 of the New York act then in force read, in part, as follows: "Taxes upon the transfer of any estate, property or interest therein limited, conditioned, dependent or determinable upon the happening of any contingency or future event by reason of which the fair market value thereof cannot be ascertained at the time of the transfer as herein provided, shall accrue and become due and payable when the persons or corporations beneficially entitled thereto shall come into actual possession or enjoyment thereof." No such provision is to be found in the Illinois act. The quoted section provides for the postponement of succession taxes on the transfers enumerated, and while the opinion in the *Howe case* makes no mention of section 222 it was nevertheless then a part of the New York act, and it must be assumed that the New York court had knowledge of it and gave due emphasis to its provisions in arriving at its decision that the taxation of remainders subject to powers of appointment should be postponed until such powers are exercised.

In 1905, subsequent to the opinion in the *Howe case* and before the enactment of our Inheritance Tax law, (1909,) the Court of Appeals of New York, in the case of *In re Lansing's Estate,* 162 N. Y. 238, held unconstitutional that portion of subdivision 5 of section 220 of the New York act which provided for the taxation of transfers resulting from the non-exercise of powers of appointment by donees. There is no rule of statutory construction which requires this court to follow a construction placed upon an adopted statute by the courts of the State from which it was adopted, when such adopted statute has in part been declared unconstitutional by the highest court of that State prior to the enactment of the same or similar provision in Illinois. The decision in the *Howe case* was, in fact, overruled in later New York decisions, (*Matter of Cole,* 235 N. Y. 48, *Matter of Parker,* 226 id. 260, *In re Davidson's Estate,* 236 N. Y. Supp. 437, and *Matter of Zborowski,* 213 N. Y. 109,) but these later decisions are not followed in the majority opinion, on the ground that subsequent amendments to the New York Inheritance Tax law are said to differ essentially from corresponding provisions of the Illinois act in effect when William R. Linn died, in 1930. A comparison of sections 230 and 241 of the New York act with section 25 of the Illinois act as amended in 1929 discloses no material difference between them. The laws of both States then provided for the imposition of the tax at the highest rate which on the happening of any condition or contingency would be possible and for immediate payment of the tax. Although identical language was not used both acts are substantially alike, the dominant purpose being to make certain that the State will collect the tax to which it is entitled, based upon the ultimate distribution of the estate. In the later decisions above cited, the New York courts, notwithstanding the specific provisions of subdivision 6 of section 220, (corresponding to the first part of our sub-section 4 of section 1,) imposing a tax on

the exercise of a power of appointment by a donee, held that a remainder subject to a power of appointment is taxable in the first instance in the estate of the donor under sections 230 and 241, on the assumption that the donee might exercise the power in favor of a stranger. Applying this same construction to the provisions of sub-section 4 of section 1 of the Illinois act would limit its application to the taxation of powers of appointment in estates of donees, and, regardless of the retention of the non-exercise provision in sub-section 4, would not restrict or prohibit the immediate taxation of remainders subject to such powers in donors' estates. By such a construction the collection of the tax would not be imperiled or entirely defeated in case the property is removed from Illinois or the donee dies a resident of another State or the property is squandered.

Mr. JUSTICE FARTHING joins in the above dissent.