THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

ADDISON D. KELLEY *et al.*

*Opinion filed December 20, 1905.*

1. INHERITANCE TAX—*court may separate parts of trust estate vesting in presenti and in futuro.* Where a trust deed, not made in contemplation of death, takes effect on delivery for the sole benefit of the *cestuis que trustent,* except that the grantors reserve the right to themselves or the survivor to an annual income of $2400 per year for life, the court may separate the portion to take effect *in presenti* and *in futuro,* and hold that so much of the estate conveyed as was necessary to produce an annual income of $2400 is subject to an inheritance tax. (*People* v. *Moir,* 207 Ill. 180, followed.)

2. SAME—*object of statute is not to prevent parent from giving property to children during his lifetime.* The object of the Inheritance Tax act is not to prevent a parent from giving the whole or any portion of his property to his children during his lifetime, if he so desires, but only to subject such property to an inheritance tax if the gift is in fact made in contemplation of death.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

W. H. STEAD, Attorney General, (MERRITT W. PINCK-NEY, of counsel,) for appellant:

The Inheritance Tax act of 1895 embraces all gifts made in contemplation of death, whether they are gifts *inter vivos* or gifts *causa mortis.* *Rosenthal* v. *People,* 211 Ill. 306; *Merrifield* v. *People,* 212 id. 400.

All property is subject to the inheritance tax which is transferred by deed, etc., made or intended to take effect in possession or enjoyment after the death of the grantor. Hurd's Stat. chap. 120, par. 366.

DEFREES, BRACE & RITTER, (JOHN G. CAMPBELL, of counsel,) for appellees:

Where a part of the gift is to take effect in possession or enjoyment after death and a part is not, the part so intended to so take effect may be subject to the inheritance tax and the remainder of the gift be not subject thereto, and this though the subject matter of the gift, both as to that part intended to take effect in possession and enjoyment after death and that part not so intended, may constitute parts of the same thing. *People* v. *Moir,* 207 Ill. 180.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an appeal from a judgment of the county court of Cook county refusing judgment for an inheritance tax against a portion of the estate of David Kelley, deceased.

It appears from the record that on March 1, 1900, David Kelley and Sarah J. Kelley, his wife, executed to the Illinois

Trust and Savings Bank, an Illinois corporation, a trust deed conveying to said trust and savings bank, as trustee, improved real estate situated in the city of Chicago of the value of $260,000, and which yielded an annual income of $14,500. By the terms of the trust deed the net annual income of the premises was to be paid quarterly in equal sums to Addison D. Kelley and Paul D. Kelley, the two sons of the grantors, and their heirs, with the exception of $200 per month, which was to be held by the trustee until the end of each year, when the same was to be paid to the grantors, or the survivor of them, during their natural lives, if they requested, in writing, said trust and savings bank to pay the same to them or either of them. The trust deed was delivered on March 13, 1900, and at that time the trust and savings bank was requested by the grantors and the *cestuis que trust* not to file the trust deed for record during the lifetime of David Kelley unless requested so to do by the grantors and *cestuis que trust.* On the delivery of the deed the trust and savings bank took possession of the property and has paid the net income therefrom to said sons with the exception of $200 per month, which has, since the death of David Kelley, been paid to Sarah J. Kelley, his widow, upon her written request. David Kelley made his will on June 20, 1900, by the terms of which he gave to Sarah J. Kelley, his widow, the balance of his estate, consisting of real and personal property, which amounted in value to about $350,-000. Mr. Kelley was sixty-nine years of age at the time of his death, and had been engaged in business in the city of Chicago for many years, where he had accumulated his fortune. He had been troubled with valvular disease of the heart for many years, and was confined to his house from an attack of heart disease at the time he executed said trust deed. His family physician, Dr. Billings, testified Mr. Kelley was subject to such attacks; that they were brought on by over-exertion; that he had theretofore recovered from the same, and that there was no apprehension of Mr. Kelley's

immediate death at the time the deed was executed. Mr.
Kelley recovered his usual health shortly after the deed was
executed and remained in that condition until the following
September, when he was again taken sick and died on Octo-
ber 25, 1900.

Mr. Defrees, who was Mr. Kelley's personal friend and
legal adviser and who had known him intimately since 1888,
testified that Mr. Kelley had but two children, viz., Addi-
son D. and Paul D. Kelley, both of whom were adults and
engaged in business in the city of Chicago; that prior to the
execution of the trust deed Mr. Kelley said to him his sons
were not making 'as much money in their business as their
station in life required them to use, and he desired to make
some permanent provision for them so that they would be
supplied with ample means; that he suggested to Mr. Kelley
that he convey the property in question to a trustee for their
use, and that in accordance with his suggestion the trust
deed was made. He also testified the sons were fully ad-
vised as to the intention of their father, and that one of the
sons, at the time the trust deed was delivered, suggested that
the trust feature of the conveyance would be somewhat em-
barrassing to himself and brother, and asked if the trust
deed could not be withheld from record during his father's
lifetime; that he advised Mr. Kelley there were no legal
objections to withholding the deed from record after it had
been delivered and the possession of the property turned
over to the trustee, and that for the reason suggested by the
son and his advice to Mr. Kelley the trust deed was with-
held from the record. The trust deed reserved to the grant-
ors and the *cestuis que trust,* acting jointly, the right to
change the terms of the trusts created by the deed, but it
provided in express terms that such change should not divest
the absolute title conveyed to the trustee.

Propositions of law were submitted to the county court,
and upon final hearing that court held that said real estate
conveyed to the trust and savings bank was not subject to

the payment of an inheritance tax except so far as was necessary to produce an annual income of $2400, which portion the court fixed, upon stipulation of the parties, at $43,000, and found that the beneficial interest of Sarah J. Kelley therein was $24,196.80, that of Addison D. Kelley $6912, and that of Paul D. Kelley $11,891.20, and that after allowing to each son an exemption of $20,000, said real estate as to them was not subject to an inheritance tax; that said trust deed was not made by David Kelley in contemplation of his death, and that he did not intend said conveyance to take effect in possession or enjoyment after his death, except as to the amount thereof necessary to produce said annual income of $2400 per year, and entered judgment to that effect, and an appeal has been prosecuted to this court to reverse the said findings and judgment of the county court.

The first contention made by appellant is, that the court erred in refusing to hold that said trust deed was intended to take effect in possession or enjoyment after the death of David Kelley. The court held that such was the effect of the trust deed as to $43,000 of the property, or the portion necessary to produce an annual income of $2400, but refused so to hold as to $217,000 in value thereof. While it is conceded as to that portion—that is, $217,000,—of the property the enjoyment and possession passed from David Kelley to the trustee upon the delivery of the trust deed and immediately through the trustee vested in the *cestuis que trust,* it is urged that the court could not separate the part that vested *in presenti* from the part that was to vest *in futuro,* and that as it appeared a portion of the subject matter of the conveyance was to take effect after the death of David Kelley, it is said the court should have held that it was the intention of the grantors in the trust deed that the entire subject matter of the conveyance was to take effect in possession and enjoyment after the death of David Kelley. We do not agree with this contention. In *People* v. *Moir,* 207 Ill. 180, Robert Moir conveyed absolutely to his three sons,

218—33

by deed, lands situated in this State of the value of $105,-200 and on the same day gave to each of them personal property of the value of $200,000, and at the same time he and his three sons entered into articles of co-partnership whereby each partner contributed to the partnership fund $200,000, and Robert Moir was to receive one-half of the profits of the partnership business and the other half was to be equally divided among his three sons. While it appeared the lands conveyed to the sons were not treated as a partnership estate, the income of the lands was so treated and was carried into the profits of the partnership and divided between Mr. Moir and his three sons, he receiving one-half of said income and the remainder being divided among his three sons. It was there held that the one-half of the income of the lands was reserved to Mr. Moir's own use during his life, and that as to that portion of the land the possession and enjoyment thereof were postponed as to the sons until the death of Robert Moir, and that one-half of the lands was subject to an inheritance tax by reason of such reservation. We are of the opinion that case is decisive of the question raised here. The income on $43,000 of the land conveyed to the trust and savings bank was reserved to the grantee and his wife and the survivor of them. As to that amount the possession and enjoyment were postponed until after the death of David Kelley, and was, we think, clearly subject to an inheritance tax. As to the remainder of the value of the land the possession and enjoyment vested immediately in the two sons through the trustee, and that portion of the land was not subject to an inheritance tax.

The next contention made is, that the conveyance to the trust and savings bank was made by David Kelley in contemplation of his death. That contention raises a question of fact. Dr. Billings testified that David Kelley was not in immediate danger of death at the time the trust deed was executed and delivered, and Mr. Defrees testified that the conveyance was made as a provision for the grantor's two

sons, and that the deed was withheld from record by mutual arrangement between the parties, but that the same was fully delivered to the trustee and possession of the premises turned over to the trustee at the time of the delivery of the trust deed. We have examined this record with care, and have been unable to discover any evidence therein which tends even remotely to show that David Kelley thought he was about to die at the time he executed said trust deed or that he made said trust deed in contemplation of his death. It is not the object of the statute to prevent a parent from giving the whole or any portion of his property to his children during his lifetime, if he so desire. The only effect of the statute as a revenue measure is to subject said property to an inheritance tax if the gift is made in contemplation of the death of the donor. In *Rosenthal* v. *People,* 211 Ill. 306, and *Merrifield* v. *People,* 212 id. 400, the evidence showed clearly that both Rosenthal and Merrifield were about to die at the time they made the transfers there considered, and that transfers of the bulk of their estates were made to their immediate descendants as a disposition of their respective estates in contemplation of death which they each knew was almost immediately likely to follow, and which did follow the making of the transfers within a few days. The facts in those cases are so far different from the facts in the case at bar as to clearly distinguish those cases from this case.

We are of the opinion the county court properly held that said trust deed took effect absolutely as to said real estate, except as to such portion thereof as would produce an annual income of $2400, upon the delivery thereof, and that said trust deed was not made by David Kelley in contemplation of death. The judgment of the county court will therefore be affirmed.                    *Judgment affirmed.*