(No. 23440.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JULIUS MOSES, Exr., Appellant.

*Opinion filed April 24, 1936—Rehearing denied June 3, 1936.*

Moses, Kennedy, Stein & Bachrach, (Hamilton Moses, Jr., and R. C. Morrison, of counsel,) for appellant.

Otto Kerner, Attorney General, (Michael F. Mulcahy, and Ashley Greene, of counsel,) for appellee.

Mr. Justice Herrick delivered the opinion of the court:

The issue made on this appeal is whether the property passing under an irrevocable trust agreement dated January 1, 1928, made by Amy C. Moses, now deceased, with her husband, Julius Moses, was subject to the payment of an inheritance tax. The value of this trust property at decedent's death was stipulated to be $161,396.11. The county court of Cook county held the property subject to such tax. Julius Moses has appealed from such judgment.

The precise question raised in the instant case is one of first impression in this State but the principle involved is not new.

Amy C. Moses died testate April 26, 1934. It is conceded by counsel for the People that the trust property involved was not a gift in contemplation of death. The liability or non-liability for the tax arises on the construction of sub-sections 1 and 3 of section 1 of the Inheritance Tax act, the applicable provisions of which, so far as material, are:

"Sec. 1. A tax shall be and is hereby imposed upon the transfer of any property, * * * or of any interest therein or income therefrom, in trust or otherwise, to persons, * * * not hereinafter exempted, in the following cases:" etc.

"3. When the transfer is of property * * * by deed, grant, bargain, sale or gift, * * * intended to take effect in possession or enjoyment at or after such death," etc. Ill. State Bar Stat. 1935, chap. 120, par. 396, p. 2697.

Under the trust agreement the decedent transferred to her husband, as trustee, with no right of revocation or control thereof reserved to the donor, the title, possession and control of the major portion of her property, with full and complete powers as to the management and handling thereof, but did not give him the right to use and enjoy it during her life. Paragraphs 11 and 12 of the agreement, which are material to the issues here, are:

"*Eleventh:* During the lifetime of the donor, the trustee, at such time or times and in such installments as he shall in his sole discretion determine, shall pay to the donor, or to her order, or shall deposit in some bank to the credit of the donor, and subject to her withdrawal, or shall use, apply, expend, disburse and pay out for the use and benefit of the donor, all of the net income of said trust estate or only such part of said net income as the trustee in his sole discretion shall deem adequate, necessary and proper for the comfort, support, and maintenance of the donor, withholding such part (or all) of said net income as said trustee in his absolute discretion shall deem unnecessary for said purposes. In case the entire net income from said trust estate at any time or times, in the opinion of the trustee, shall be insufficient to provide for the reasonable needs, comfort, support and maintenance of the donor, the trustee may, from time to time, and as often as necessary, withdraw for the use and benefit of the donor, such sum or sums from the principal of said trust estate as may in his sole discretion be deemed adequate for said purposes and pay, deposit or disburse the same in the manner hereinabove provided with respect to the disposal of net income."

"*Twelfth:* Upon the death of the donor, the trust hereby created shall terminate, and the trustee after deducting his expenses and reasonable compensation, shall thereupon transfer, pay over, convey and distribute said trust estate, together with its accumulations and all accumulated undistributed income as follows: (*a*) To said Julius Moses, if

he be then living, to have and to hold the same for his separate property to him and his heirs forever; (*b*) in case the said Julius Moses shall pre-decease the donor, then in that event, to the then lawful living issue of the donor, *per stirpes* and not *per capita;* (*c*) in case neither said Julius Moses nor any lawful living issue of the donor shall survive the donor, then to the person or persons who at the death of the donor, under the laws of the State of Illinois then in force, shall constitute the heirs-at-law of said donor in the proportions in which they under the laws of the State of Illinois then in force shall be entitled to share as heirs-at-law of said donor."

The appellant first contends that the trust funds transferred under the above instrument are not liable to assessment for inheritance tax on the ground that the conveyance was an absolute and completed gift *in præsenti* on January 1, 1928, and that by its terms no right of beneficial enjoyment was reserved to the transferer.

The appellant, the trustee under the trust agreement, testified on behalf of the estate that the decedent ever since the birth of her first child had suffered from a peculiar ailment which evidenced itself by periods of depression followed by periods of great exhilaration; that she was under the treatment of a physician from time to time, and spent several months in sanitoriums; that during the periods of exhilaration she was very extravagent in the use of funds; that shortly before the trust agreement was executed she had a return of the exhilarated condition; that he then concluded it advisable to take from her the control of her property, which was property he had theretofore given her; that he prepared the agreement in question for that purpose and took possession of the property transferred under it; that he thereafter paid out of his own funds all the household bills, gave his wife $250 to $350 per month from the income of the trust funds for spending money and invested the balance of the income

from time to time as trustee; that the sums paid her represented only a small portion of the income from the trust funds, which he testified ran sometimes as high as $18,000 to $19,000 annually. He further testified that his intention was by means of this transfer to take the property away from his wife, exercise complete control over it and prevent her from using any more of it than he thought she should be entitled to. On cross-examination he stated: "Mrs. Moses was my wife. I considered I owed her an obligation to support her. I treated this estate as a trust estate in trust for her and I expected her to survive me. I wanted to protect this property against dissipation by her in these periods of time when she had tendencies to spend a terrific amount of money and give it away."

The burden of showing that a transfer is subject to an inheritance tax is on the People. (*People* v. *Northern Trust Co.* 324 Ill. 625; *People* v. *Forman,* 322 id. 223; *People* v. *Continental Bank,* 344 id. 123.) The authority of the State to levy an inheritance tax arises out of the laws of descent and devise and is an outgrowth of the principle that property rights cease upon the death of the holder. The right to receive such property is not a natural right but the property is allowed to pass at the owner's death by statutory provision, and therefore the legislature may lawfully provide, and has provided, for a tax on the privilege of acquiring or succeeding to the property rights of the deceased. Unless the property is so acquired the right to subject such property to an inheritance tax is wanting.

A transfer intended to take effect in possession or enjoyment at or after death is a disposition in which the donor retains the economic interest or enjoyment of the property during his life and is taxable. (*People* y. *McCormick,* 327 Ill. 547; *People* v. *Schaefer,* 266 id. 334; *People* v. *Burkhalter,* 247 id. 600.) A gift or transfer *inter vivos,* not made in contemplation of death, which is

*bona fide,* completed and immediately effective and in which no beneficial enjoyment is reserved by the donor, is not subject to tax under the act, (*People* v. *Forman, supra; People* v. *Northern Trust Co.* 330 Ill. 238,) but a transfer *inter vivos,* absolute on its face and with no expressed reservations, is nevertheless taxable when it is shown by parol that the donor retained the beneficial interest in or enjoyment of the principal income for his life; (*People* v. *Shaffer,* 291 Ill. 142; *People* v. *Porter,* 287 id. 401; *People* v. *Shutts,* 305 id. 539;) and where transfers *inter vivos* were made in which a certain fixed income from the whole or the income from a part of the fund was reserved by the grantor for life, this court held that as to such portion of the estate an inheritance tax liability attached but that the portion not affected by such beneficial reservation was not taxable. (*People* v. *Kelley,* 218 Ill. 509; *People* v. *Estate of Moir,* 207 id. 180; *People* v. *Forman, supra.*) Here the instrument of transfer did not in express terms unequivocally reserve the beneficial use of the property, or any fixed or stated part of it, during the donor's lifetime.

The appellant contends that the criterion of taxability is the quantum of control retained by the donor for the balance of her life, and urges if that control does not approximate the power which the donor would have retained over the property had she given it by will rather than by deed it is not taxable. On the basis of such argument, however, the appellant does not enlighten us as to where the line would be drawn in determining at what point the lack of such power would exempt the property transferred from tax liability and at what point the tax would attach.

The common reason inducing a man to make a benefaction by will rather than by present outright gift obviously is that he may retain the beneficial enjoyment and control thereof until his death. If by a particular transfer the donor retains the fruits of the property during his life the transfer is in lieu of a testamentary disposition and

subject to the tax, but it is otherwise where the donor by the *bona fide* terms of his act is immediately and absolutely divested of all enjoyment of the property. In our opinion that which determines whether the property transferred is subject to the tax is the substance and contemplated effect and purpose of the transaction and not its technical form. It is the aspect from the donor's part in the transaction which would seem to be of controlling importance in determining whether a particular gift *inter vivos,* which is not the ordinary absolute gift *in præsenti,* is a transfer in lieu of a testamentary disposition. The donor, here, by making any provision at all for her support out of the trust property, negatived the idea of an intended absolute gift without any reservation of enjoyment from it during her life. It must be borne in mind in looking at the substance of this transaction and not its mere technical form, that these parties were husband and wife, and, so far as the evidence discloses, were on friendly terms.

While the trust instrument mentioned no precise amount of income or principal to be paid the donor during her life nor by its terms fixed any exact part of the principal from which she should have the entire income, yet the chief provisions and terms of the instrument irresistibly convey the very clear idea that the donor expected to receive, and the trustee to pay, such amounts of income or principal, or both, as might reasonably be necessary, suitable or proper for the donor's needs so long as she should live. Furthermore, the testimony of the surviving husband shows conclusively that in the preparation of the instrument the object sought was not to deny his wife the use of such funds as her reasonable requirements demanded, but rather to protect her, in her periods of exhilaration, from dissipating the property she might later need. Its apparent primary object was not to preserve the property and its accumulations intact for those surviving the donor, but rather to preserve it for the donor's use and reasonable enjoyment

during life. Nor can it reasonably be inferred from the persuasive implications of the trust, coupled with the relation of the parties and the evidence relating to the design contemplated by the instrument, that there was any purpose thereby to deny the donor use of any part or the whole of the trust funds if her reasonable needs justified such use.

The only case that has been brought to our attention or which we have found in this connection where facts similar to those in this case appear, is *In re Brockett's Estate*, 111 N. J. Eq. 183, 162 Atl. 150. In that cause the decedent had, a few years prior to his death, executed a deed of trust whereby he transferred considerable property to his two daughters as trustees. The trust agreement provided that so much of the income as the trustees should deem proper was to be paid to or for the donor for his personal use and for his maintenance and support, including the maintenance of a suitable residence for himself. His two daughters were to have the right to live with him without cost for food or lodging. If the trustees deemed the income insufficient for the purpose contemplated by the instrument they were empowered to use so much of the corpus as they deemed necessary. Any balance of income not so expended was to be accumulated. The court there held the entire property passing under the instrument of trust at the donor's death subject to assessment for inheritance tax under a section of the New Jersey Inheritance Tax act containing language substantially the same as sub-section 3, *supra.*

A beneficial enjoyment of the property transferred was in our opinion retained by the donor here during her life, and the property passing under the trust was liable for inheritance tax.

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*