(No. 37507.—

In the Matter of the Estate of John Guernsey Curtis, Sr.—(Edwin V. Hale *et al.,* Appellants, *vs.* The People of the State of Illinois, Appellee.)

*Opinion filed May 27, 1963.*

McKay, Moses, McGarr, Solum & Gibbons, of Chicago, (Walter H. Moses, and Floyd J. Abrahamson, of counsel,) for appellants.

William G. Clark, Attorney General, of Springfield, (William C. Wines, John T. Jarecki, and Joseph O. Rubinelli, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

By this appeal, Edwin V. Hale, Florence Hale Curtis, and The Northern Trust Company, as trustees under the last will and testament of John Guernsey Curtis, Sr., deceased, seek to review an order of the county court of Lake County reassessing the Illinois inheritance tax payable by reason of said decedent's death. Since the matter relates to revenue, the jurisdiction of this court has been properly invoked. *People* v. *Schallerer,* 12 Ill.2d 240.

At the time of his death on September 18, 1956, John Guernsey Curtis, Sr., left a last will and testament under which assets valued in excess of $1,360,000 were bequeathed to the above named trustees under a marital trust for the benefit of his widow, Florence Hale Curtis, who, in addition to receiving the net income therefrom, was granted "the right at any time and from time to time to withdraw any part or all of the principal of the Marital Trust. The trustees shall make payment without question upon the written request of my said wife delivered to the Trustees." The marital trust further provided that should the widow die prior to complete withdrawal of the marital trust assets, then upon her death the principal remaining should be added to a residuary trust for the benefit of trustor's son, the son's descendants and wife, trustor's daughter, trustor's brother-in-law, and trustor's sister and her descendants. The petitioners herein, Edwin V. Hale, Florence Hale Curtis, and The Northern Trust Company, were also named as trustees of the residuary trust and were directed to pay all death taxes from the principal of this latter trust without right of reimbursement from the beneficiaries.

In the inheritance tax appraisement proceedings held in the county court of Lake County on March 21, 1958, the life estate granted the widow, Florence Hale Curtis, under the marital trust was valued at $722,481.36, and the remainder interest under such trust was valued at $637,-

611.57. Since the remainder interests were contingent in nature, the inheritance tax thereon was assessed at the highest rate, in accordance with section 25 of the Inheritance Tax Act (Ill. Rev. Stat. 1955, chap. 120, par. 398,) upon the assumption that the widow would not exercise her right to withdraw the remainder, that it would become a part of the residuary trust upon the widow's death, that all the beneficiaries of the residuary trust except a descendant of trustor's sister would predecease the widow, and that the entire marital trust remainder would be distributed to such descendant. The total inheritance tax payable by reason of the death of John Guernsey Curtis, Sr., was then fixed at $321,666.61 and subsequently paid.

However, by an instrument dated November 7, 1958, Florence Hale Curtis withdrew the entire principal of the marital trust as her absolute property, thus terminating the marital trust, and thereafter the trustees of the residuary trust petitioned the county court of Lake County for a reassessment of the inheritance tax paid upon the death of John Guernsey Curtis, Sr., claiming that the widow had in fact exercised a power of appointment and that, as a result thereof, the value of the remainder interest of the marital trust was not taxable as a part of the John Guernsey Curtis, Sr., estate. Therefore, according to the petitioners, the inheritance tax payable by reason of the trustor's death was only $219,648.76, instead of the $321,666.61 previously assessed, and said trustees were allegedly entitled to a refund of $102,027.85.

In its answer to the petition for reassessment, the State of Illinois acknowledged that the contingencies upon which the original inheritance tax were based could never occur and that a reassessment was proper under section 25 of the Inheritance Tax Act, but denied that the remainder interest of the marital trust should be excluded in computing the reassessment. Rather, it contended the value of such remainder should be taxed in the trustor's estate as a

transfer to his widow, thereby resulting in a reassessment of $308,914.38 rather than the original assessment of $321,666.61. Both parties moved for judgments on the pleadings and, after hearing, the county court of Lake County found for the State of Illinois and reassessed the inheritance tax to an amount of $308,914.38. The present appeal followed.

The sole question presented is whether, under the circumstances of this case, the value of the remainder interest of the marital trust is taxable as a part of the trustor's estate. Petitioners contend that by withdrawing the trust corpus, the widow exercised a power of appointment which, under subsection 4 of section 1 of the Inheritance Tax Act (Ill. Rev. Stat. 1955, chap. 120, par. 375,) became a taxable transfer only upon her death and not upon the death of the trustor. Even if the withdrawal was not technically the exercise of a power of appointment, reasons the petitioner, the acquisition of the remainder of the marital trust by the widow was not a taxable transfer in the trustor's estate since it was not a property interest passing to the widow under the trustor's will but one resulting solely from the exercise by the widow of her right to withdraw. The State of Illinois, on the other hand, insists the right to withdraw is not a power of appointment within the meaning of subsection 4 of section 1 of the Inheritance Tax Act and that section 25 of the Inheritance Tax Act is applicable.

Section 1 of the Inheritance Tax Act, (Ill. Rev. Stat. 1955, chap. 120, par. 375,) imposes a tax upon various transfers of property which are more fully enumerated in subsections 1 through 5. Subsection 1 deals with transfers resulting from the death of Illinois residents; subsection 2 is applicable to transfers of Illinois property by reason of a nonresident's death; subsection 3 makes the inheritance tax applicable to transfers made in contemplation of death or intended to take effect at or after death; subsection 4 states as follows "Whenever any person, institu-

tion or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this Act, such appointment, when made, shall be deemed a taxable transfer under the provisions of this Act, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will"; and subsection 5 provides for the taxing of joint tenancy property.

Section 25 of the act, (Ill. Rev. Stat. 1955, chap. 120, par. 398,) provided that when property is so transferred, but the rights, interests or estates of the transferees are dependent upon contingencies whereby they may be wholly or in part created, defeated, or abridged, the tax shall be computed and paid at the highest rate which, upon the happening of any of such contingencies, would be possible under the provisions of the Inheritance Tax Act, and if the property upon the termination of such contingencies is ultimately received by a person taxable at a lower rate than was originally imposed, the tax shall be reassessed and the excess refunded.

In our opinion the above sections are not conflicting but, instead, are well integrated portions of a single revenue act. Section 1, and the subsections thereof, do not delineate the property to be excluded from taxation but are concerned only with defining the transfers which are taxable and the rates applicable thereto based upon the relationship of the decedent and the beneficiary. Accordingly, in making reference to the taxing of powers of appointments, subsection 4 merely provides that the exercise of such a power by the donee constitutes a taxable event *in the donee's estate* just as though the property "belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will." In other words, our legislature evidently felt that by determining the ultimate recipient of the property, the donee of the power of

appointment thereby exercised such control over the property as to justify its being taxed as a part of her estate. Subsection 4 does not, however, make any reference whatsoever to the estate of the donor, and by its own terms neither includes nor excludes property subject to powers of appointment as a part of the donor's estate.

On the other hand, section 25 does not purport to define what is or is not a taxable transfer, but instead provides a method for assessing and collecting such tax in all cases where the ultimate transferee, and his relationship to the decedent, are temporarily unknown. Therefore in the present case, even if we consider the withdrawal privilege granted the widow as being a power of appointment, which we need not herein decide, the property thereby withdrawn is not excluded from taxation in the donor's estate by subsection 4 of section 1 of the Inheritance Tax Act.

We must next consider the petitioner's contention that, irrespective of whether the withdrawal privilege was in fact a power of appointment, the acquisition of the remainder of the marital trust by the widow was not a taxable transfer in the trustor's estate. Section 1 imposes an inheritance tax upon the transfer of property, or of any interest therein or income therefrom, in trust or otherwise, to persons, institutions, or corporations by will or the laws of intestacy. By granting to his widow the privilege of withdrawal, the trustor virtually tendered to her the principal of the marital trust which she could, as could any legatee or devisee, (*People* v. *Flanagin,* 331 Ill. 203,) accept or reject at her pleasure. Until such time as she did accept the property by directing its withdrawal, the ultimate recipient thereof was unknown and the property was subject to the provisions of section 25 of the Inheritance Tax Act. However, by withdrawing this property, the widow eliminated this uncertainty and completed the transfer which had been offered by the trustor. (*Gilman* v *Bell,* 99 Ill. 144.) Although the widow was granted a much longer

period to make such determination, in essence, her right to accept or reject the trust corpus was similar to that possessed by any legatee, and was made possible only by the testamentary dispositions of her husband. As a practical matter, the privilege of withdrawal was a valuable right flowing from the trustor to his widow, and although the right itself was not immediately taxable to the widow, when she chose to exercise that right and accept the property, the transfer was completed and the property became taxable to her as a transfer from the trustor.

It is a universally adopted rule of statutory construction that the intention of the legislature is to be gathered not only from the language used but also from the reasons for the enactment and the purposes to be thereby attained. (*Hinsdale Sanitary District* v. *Washburn,* 354 Ill. 240.) The Inheritance Tax Act is designed to tax the privilege of succeeding to the property rights of a deceased person and to provide for the timely collection thereof. (*People* v. *Moses,* 363 Ill. 423.) It is unbelievable that our legislature intended by this act to exempt from the donor's estate all property passing by the exercise of a power of appointment and to thereby delay the collection of any inheritance tax thereon until the death of the donee of such power. To so hold would be to materially affect the revenue producing purpose of the entire Inheritance Tax Act, if not to defeat it. We hold, therefore, that under the circumstances of this case, the value of the remainder interest of the marital trust was properly taxed as a transfer from John Guernsey Curtis, Sr., to his widow.

In so holding we are not unmindful of the previous decisions of this court in *People* v. *Linn,* 357 Ill. 220, and *People* v. *Cavenee,* 368 Ill. 391, wherein it was indicated that remainders of testamentary trusts, over which powers of appointment existed, were not taxable in the donor's estate. Those cases were decided prior to the 1933 amendment to subsection 4 of section 1 of the Inheritance Tax

Act and involved the nonexercise, as opposed to the exercise, of a power of appointment. Insofar as those decisions conflict with our holdings in the present case, they are hereby expressly overruled, and the order of the county court of Lake County is affirmed.

*Order affirmed.*