R. E. JOOS EXCAVATING CO., Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Third District    No. 77-356

Opinion filed March 31, 1978.—Rehearing denied April 27, 1978.

James H. Bunce and Gregory S. Bell, both of Swain, Johnson & Gard, of Peoria, for petitioner.

William J. Scott, Attorney General, of Springfield (Patrick J. Chesley, Assistant Attorney General, of counsel), for respondents.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the Illinois Pollution Control Board which was entered in an administrative proceeding before the Board upon a complaint filed by the Illinois Environmental Protection Agency against R. E. Joos Excavating Co. The order of the Board directed Joos to cease and desist from operating a refuse disposal site without a permit and imposed a penalty of $1,500. The sole issue presented for review is whether the Board was correct in deciding that an exception to the permit requirements of section 21(e) of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1021(e)) did not apply to the activities which Joos was engaged in.

The complaint of the Agency was submitted to and decided by a hearing officer of the Board upon a stipulation of facts. The principal business of Joos is excavating, but the company also engages in land clearing, demolition, and general trucking. As a part of a lease agreement, Joos was permitted to remove sand from certain property in Peoria County. In the process of operating a sand and gravel pit, Joos excavated a large trench. Prior to February 1968, Joos dumped into the trench trees, brush and other growth that resulted from its clearing operation at the site. Dirt, gravel, and silt from its sand pit operations were also dumped into the trench. In 1968, Joos also began dumping portions of demolished buildings into the trench. Beginning in 1969, Joos began using the trench as a solid waste management site and charged a fee for the use of the dump. In 1970, Joos applied for and received a Department of Public Health permit to operate a solid waste disposal site on the premises. The landfill was operated under this permit until July of 1974 when the permit expired. After the permit expired in July of 1974 the only material deposited at the site was from Joos's excavation and demolition business. At various times from September 1974 through October 1, 1976, Joos received correspondence from the Agency indicating possible violations of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, pars. 1001 through 1051, hereinafter referred to as the Act) and the solid waste management regulations promulgated thereunder. On four different occasions in 1976, representatives of the Agency inspected the site and Joos received copies of the reports prepared by the representatives. On October 23, 1976, Joos was served with a complaint filed by the Agency

which alleged that Joos was operating a refuse disposal site and accepting refuse without a valid operating permit.

The Board found Joos to be in violation of Rule 202(b)(1) of the Solid Waste Regulations and section 21(e) of the Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1021(e)). Joos was ordered to cease and desist from all further violations of the regulations or act and to pay a fine of $1,500. It is from this order that Joos has filed a petition for review pursuant to the provisions of section 41 of the Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1041).

The interpretation and construction of section 21(e) of the Act is at the crux of the present dispute. Section 21(e) provides in part:

"No person shall:

\* \* \*

(e) Conduct any refuse-collection or refuse-disposal operation, except for refuse generated by the operator's own activities, without a permit granted by the Agency upon such conditions, including periodic reports and full access to adequate records and the inspection of facilities, as may be necessary to assure compliance with this Act and with regulations adopted thereunder, after the Board has adopted standards for the location, design, operation, and maintenance of such facilities." Ill. Rev. Stat. 1975, ch. 111½, par. 1021.

Joos contends that because the only material deposited at the site results solely from its own demolition and excavation business, it comes within the meaning of the exception for "refuse generated by the operator's own activities." The Agency, relying in part upon *Environmental Protection Agency v. City of Pontiac* (Aug. 7, 1975), 18 Ill. P.C.B. Op. 303, contends that the exception under section 21(e) only exempts minor amounts of refuse which could be disposed of without environmental harm upon the site where it was generated. As a matter of statutory construction, we must determine whether the exception under section 21(e) exempts Joos from the permit requirements of the Act.

■■ The purpose and object of statutory construction is to ascertain and give effect to legislative purpose and intent of the statute (*People ex rel. Hanrahan v. White*, 52 Ill. 2d 70, 285 N.E.2d 129), for the "intention of the law-makers is the law." (*Smith v. County of Logan*, 284 Ill. 163, 165, 119 N.E. 932, 933.) In order to arrive at this intent the several provisions of the statute are to be construed together in light of the general purpose and object of the Act and so as to give effect to the main intent and plan of the act. (*State Public Utilities Com. v. Monarch Refrigerating Co.*, 267 Ill. 528, 108 N.E. 716.) In the usual course of events it is unnecessary to look beyond the language of the statute to learn the legislative intent, but when

differing interpretations are proffered, the intent must be gathered not only from the language used, but also from the reasons for the enactment and the purposes to be thereby attained. *In re Estate of Curtis*, 28 Ill. 2d 172, 190 N.E.2d 723.

■■ In section 20 of the Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1020), the legislature has expressed the purpose of the provisions concerning land pollution and refuse disposal and sets forth certain findings which are relevant in determining legislative intent. Section 20 provides:

> "The General Assembly finds that economic and population growth and new methods of manufacture, packaging, and marketing, without the parallel growth of facilities enabling and ensuring the recycling, re-use and conservation of natural resources and solid waste, have resulted in a rising tide of scrap and waste materials of all kinds; that excessive quantities of refuse and inefficient and improper methods of refuse disposal result in scenic blight, cause serious hazards to public health and safety, create public nuisances, divert land from more productive uses, depress the value of nearby property, offend the senses, and otherwise interfere with community life and development; that the failure to salvage and reuse scrap and refuse results in the waste and depletion of our natural resources and contributes to the degradation of our environment.
>
> It is the purpose of this Title [title 5] to prevent the pollution or misuse of land, to promote the conservation of natural resources and minimize environmental damage by reducing the difficulty of disposal of waste and encouraging and effecting the re-cycling and the re-use of waste materials, and upgrading waste collection and disposal practices." (Ill. Rev. Stat. 1975, ch. 111½, par. 1020.)

It is clear that in enacting title 5 of the Act, the legislature intended to prevent or curb the abuses listed in section 20, while at the same time allowing the necessary task of refuse disposal to continue. In keeping with this intent, as gleaned from this and other sections of the Act, we hold the exemption stated in section 21(e) to be applicable only to refuse generated on the site where it is to be disposed of.

A construction of the exemption such as offered by Joos would create serious gaps in the overall objectives sought to be attained by the legislature in enacting the Act. It would allow a property owner to utilize his land for waste disposal purposes without regard to any of the regulations promulgated under title 5, so long as the refuse, whatever the quantities or character, was created by the actions of the property owner. The opportunities for wholesale evasion of the statutory scheme by landfill operators which such a construction would create should appear evident. Limiting the exception to refuse or material generated on the site

where it will be disposed prevents the objectives the legislature envisioned in passing the Environmental Protection Act from being readily circumvented.

■■ Ample precedent exist for our decision. As was aptly stated in *People ex rel. Barrett v. Anderson*, 398 Ill. 480, 485-86, 76 N.E.2d 773, 776:

> "* * * [W]hile courts are and should be cautious about adding words, as such, to a statute generally, they will not hesitate to read into the sense of some section or provision a qualifying or expanding expression plainly implied by the general context of the act, which has been palpably omitted and which is necessary to prevent the legislative purpose from failing in one of its material aspects."

We believe that qualifying the exception to section 21(e) in the manner previously stated prevents one of the laudable objectives of the Environmental Protection Act from "failing in one of its material aspects." Furthermore, while the interpretation of an administrative agency endowed by the legislature with enforcement of a statute is not controlling, it is entitled to great weight. See *People ex rel. Watson v. House of Vision*, 59 Ill. 2d 508, 322 N.E.2d 15.

Our decision does not necessarily deny Joos the privilege of utilizing its excavating property as a disposal site for the waste generated by its business, or any other waste for that matter, but only requires it to obtain the appropriate permit before doing so.

For the foregoing reasons the order of the Illinois Pollution Control Board is affirmed.

Order affirmed.

BARRY, P. J., and SCOTT, J., concur.